UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AASIM NIA, | No. C 13-0353 SI (pr) |
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| D. ASUNCION; et al., | |
| Defendants. | |

Aasim Nia, an inmate incarcerated at Salinas Valley State Prison, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review under 28 U.S.C. § 1915A.

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). A complaint that asserts claims duplicative of those raised in an earlier action may be dismissed. *See Cato v. United States*, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995)*; Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (duplicative or repetitious litigation of virtually identical causes of action is subject to dismissal under 28 U.S.C. § 1915 as malicious).

The complaint in this action appears to be a different articulation of the same claim presented in another action filed by plaintiff, except with the addition of a few new defendants. In *Nia v. Hedgpeth*, C 12-4858 SI, the complaint alleged that the unwritten housing policies for African American inmates were different from the policies for non-African American inmates, and this worked to plaintiff's detriment because he repeatedly was subjected to lockdowns due to his race. The court ordered service of process in the 2012 action on warden Hedgpeth, who was the only named defendant. The 2012 action is pending. In the present action, the complaint alleges that the housing and yard policies for Northern Hispanic inmates were more favorable than those for African American inmates – in that only the former were divided based on their affiliation with a disruptive group – and this worked to plaintiff's detriment because he was repeatedly subjected to lockdowns due to his race. In the 2013 action, plaintiff once again sued the warden, and added as defendants a facility captain, another warden, and the director of the CDCR. Both the 2012 and the 2013 actions concern the housing and yard policies at Salinas Valley State Prison since plaintiff's arrival at that prison in July 2010.

"Plaintiffs generally have 'no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant.'" *Adams v. California Dept. of Health Services*, 487 F.3d 684, 689 (9th Cir. 2007) (citations omitted). The claims in the 2012 and 2013 actions extensively overlap, and the addition of a few new defendants does not change the fact that plaintiff is essentially presenting the same claim in both cases. That is, the claim in the 2012 action is that the first racial group was being treated worse than the second racial group and the claim in the 2013 action is that the second racial group was being treated better than the first racial group. If plaintiff lost in the 2012 action, that result would have preclusive effect on all (or at least most) of the 2013 action. Even if res judicata would not operate as a complete bar if the plaintiff lost in the 2012 action, it would be an unnecessary consumption of judicial resources and the parties' money and efforts to litigate the same law and facts twice. The claims in the 2012 action and the 2013 action belong in a single action. For these reasons, the court will dismiss this action without prejudice to plaintiff filing an amended complaint in the 2012 action to add any new defendants and to reallege his claim(s)

to incorporate anything new from the 2013 action.

For the foregoing reasons, this action is DISMISSED as duplicative.  This dismissal is without prejudice to plaintiff filing an amended complaint in Case No. C 12-4858 SI, provided he does so no later than **May 31, 2013**.

IT IS SO ORDERED.

Dated: April 24, 2013

_____
SUSAN ILLSTON
United States District Judge

3